———o———

No. 4424.

Court of Appeal, Parish of Orleans.

THOS. H. HEALD VS. GEO. J. UNTEREINER.

1. In charging a jury, the Judge should abstain from saying anything about the facts or even recapitulating them so as to exercise any influence on their decision in this respect.

144

2. The decision of this cause depends upon the interpretation of the written contract which is not attacked for fraud or error

Appeal from Civil District Court, Division "B."

Theo. Cotonio, for Plaintiff and Appellee.

G. J. Untereiner, for Defendant and Appellant.

DUFOUR, J. The petitioner alleges that he employed the defendant to secure a loan for him on certain real estate and gave him two promissory notes and he prays for an accounting or in the alternative for a money judgment for the alleged balance of the proceeds of the mortgage notes. The defendant denies that plaintiff is entitled to an accounting, because he agreed in writing to sell the property to a purchaser for an amount sufficient to clear up the claim of the People's Homestead Association and to repurchase same from the purchaser for the price of $3,150, the purchaser to take for himself any surplus over and above the amount required to pay the claim of the Association. He further avers that a purchaser was secured and the claim of the Association thereon was paid and the property was subsequently conveyed to plaintiff in accordance with the terms of the agreement. It appears that for years Heald had been a shareholder and borrower from the Homestead Association and had fallen far behind in his payments, so that in February, 1906, he was in debt in an amount of $3,012.94.

Being threatened with foreclosure, he was compelled to look around to borrow money to clear his property. On that errand he called on Untereiner and, after preliminary negotiations, the following written agreement was entered into:

"In consideration of your securing a purchaser for my property in the square bounded by Camp, Magazine, State and Eleonore for a sum sufficient to clear up the claim of the People's Homestead Association, I agree to repurchase same from him for the price and sum of $3150, the purchaser to take for himself any surplus over and above the amount required to pay the People's Homestead Association."

There is no charge of fraud or error in the confection of the

instrument and, hence, the district judge properly excluded all testimony in that direction.

It is the law between the parties and is absolutely unambiguous. It is immaterial whether Untereiner or his brother was the purchaser and furnisher of the money and whether the transaction was a sale or a mortgage, the substantial purpose of the agreement was to clear the property and save it for Heald and this was accomplished.

The surplus agreed upon was the amount of the dividends due to plaintiff, and the plaintiff, having voluntarily given this up as a premium and consideration for liberating his property, has no interest to demand its return.

The bargain driven may have been a hard one, but he made it with open eyes. If Heald's contention were to prevail, he would reap the benefit of the contract without having given any consideration whatever.

This cause was tried by a jury and the charge given by the Judge in which he commented on the facts contrary to the provisions of Art. 516 C. P., doubtless influenced their decision.

In the absence of allegations of error and fraud, the case must rest on the interpretation placed upon the instrument by the Court, and not on the testimony of the plaintiff and defendant.

The trial judge laid stress on the fact that Untereiner admitted that the consideration, as to amounts and dates of paymen, recited in the acts were not true and then instructed the jury to apply the maxim *"falsus in uno, falsus in omnibus.".*

There was no legal warrant for this, particularly when he had ruled that the agreement, not being attacked in the pleadings, must govern the case.

It is due to the defendant to add, that were the matter one of credibility, as fully depending on verbal testimony, we would incline to the acceptance of his version, corroborated by the written agreement, rather than that of the plaintiff, who admits that he is hard of hearing, and had a bad memory, and who denied the existence of any written contract until it was exhibited to him at the trial.

The price exacted by defendant for his services was most assuredly exaggerated, but the record does not justify the stigma of professional dishonesty placed upon defendant by the verdict

Much of the alleged equity of plaintiff's case disappears in face of the facts that he subsequently sold for $4500 the house which had been saved by payment of $3150, under the agreement in controversy.

The verdict and judgment appealed from based thereon are reversed and plaintiff's demand is rejected at his costs in both Courts.

April 6, 1908.

Rehearing refused June 8, 1908.

Writ refused by Supreme Court Aug. 4, 1908.